Mr. Justice James
delivered the opinion of the court.
The plaintiff states in his bill that he holds a promissory note of the defendant for $4,629.96, and that the defendant undertook to secure the payment of it by depositing with him two certificates of stock of the Columbian Bank Note Company ; that afterwards defendant came to him with reference to a matter which the company had before the Treasury Department, and fraudulently and falsely represented to him that he, defendant, had great influence with the Secretary of the Treasury, and by deception, and with fraudulent intent and purpose, induced the plaintiff to loan him temporarily one of these certificates, and that he now refuses to return the same. His bill concludes with a prayer that the defendant be required to surrender the certificate, •or if sold, for its value and for general relief. The defendant, in his answer, denies that he falsely represented that he had great influence with the Secretary of the Treasury, and in short, denies that he did any of the fraudulent things, charged. The plaintiff' does not state in so many words that Warden made these statements knowing that he had not great influence with the Secretary of the Treasury, but does say that he pretended that he had. Testimony was taken on both sides. Jones, as a witness in his own behalf, merely stating his story over again, says that the defendant repre *477 sented to him that it was important to show to the Secretary of the Treasury that he, defendant, was a stockholder in the company, and that he wanted one of his certificates of stock to show to the Secretary, in order to convince him of that fact. The defendant, on the other hand, appearing as a witness on his own behalf, swears that the plaintiff, wanted him to perform certain services for the company, and that the plaintiff, being largely interested in whatever the company might achieve, was willing to pay him a fee, and that he agreed to compensate him by giving him at once, as a retainer, one of these certificates.
It appears, therefore, that the answer completely denies, under oath, the allegations of the bill, and that the defendant, as a witness, as completely contradicts the story of the plain tiff as a witness, and to the defendant’s testimony is added that of his son, which, though not very definite, seems to sustáin in rather a general way the story of the defendant. It seems that a contract made with the Columbian Bank Note Co. by a former Secretary of the Treasury had been rescinded by his successor, and that the object of the defendant’s services was to persuade the new Secretary to revoke that order and restore the contract. Now for that purpose it was entirely unnecessary for the defendant to appear as a stockholder ; he could make his argument just as well in his capacity as a lawyer, as in his capacity as an owner of stock. But the plaintiff avers that he understood the defendant’s purpose in obtaining the certificate was that it might be used in some way to obtain that which argument could not secure. If the certificate was to be put to such a use it was clearly to exert an improper influence, and the plaintiff in his own statement would be left by a court of equity just where it found him. But the plaintiff’s case is, as we have seen, wholly denied by the answer, and his testimony is in the same manner denied by the defendants’s testimony, with some little addition from that of his son. The bill might here be dismissed, but as the question of ownership of this stock does not seem to be clearly raised, and as we have some doubt as to who in the end should be entitled *478 to it, we are not willing to conclude the plaintiff by our inability to give relief, if he should show a case entitling him to any ; we will therefore dismiss the bill without prejudice.